## W. D. RICHMOND v. N. F. FRAZIER.

(Filed July 30, 1898.)

1. APPEAL—*Failure to. File Brief.* Under the rules of this court, when the plaintiff in error fails to file a brief within the prescribed time, in the absence of stipulation of parties, or showing of sufficient excuse, the court will dismiss or affirm the cause.

2. BRIEF—*Failure to File.* The failure to file brief by plaintiff in error will be treated as an abandonment of his appeal.

3. APPEAL DISMISSED—*Second Appeal Allowed, When.* When an appeal is perfected, and is dismissed for failure to file briefs, a second appeal will not be allowed, but, if dismissed for such informality or irregularity as renders the appeal ineffectual, a second appeal, if taken in time, may be allowed.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Frank Dale, District Judge.*

*Bridges & Scothorn,* for plaintiff in error.

Action between W. D. Richmond and others and N. F.

Frazier. From the judgment, Richmond and others bring error. Affirmed.

PER CURIAM. The petition in error in this cause was filed in this court on the 6th of November, 1897, and the defendant in error waived the issuance of summons, and entered full appearance. No briefs have been filed by either party. Rule 4 of the rules of this court requires counsel for plaintiff in error to file ten printed briefs in each case. Rule 6 *id.*, is as follows:

"In each civil cause, counsel for plaintiff in error shall furnish a copy of his brief to counsel for defendant in error at least thirty days before the first day of court, and the counsel for defendant in error shall furnish a copy of his brief to counsel for plaintiff in error at least ten days before the first day of said term. Proof of service of the briefs must be filed with the clerk of the court seven days prior to the first day of said term. In case of a failure to comply with the requirements of this rule, the court may continue or dismiss the cause, or affirm or reverse the judgment."

This cause was continued by order of the court at the January, 1898, term, and we know of no reason why we should again grant a further continuance. A failure to file briefs and point out to the court the questions relied upon to reverse a judgment must be treated as an abandonment of the appeal. While the right of appeal is guaranteed by the Organic Act, yet this right is subject to such reasonable rules of practice as may be prescribed by the legislature or by the court, and parties failing to observe or comply with such rules forfeit their rights under the appeal. The court cannot be expected to, and will not, assume the burden of performing the labors required of counsel who are employed by the parties to prepare and present the cause to the court.

This court has repeatedly held that, in the absence of an agreement of parties, or a showing of reasonable excuse, a failure to file briefs by plaintiff in error will be followed by a dismissal of the cause, or an affirmance of the judgment at costs of appellant. We have also established the rule by repeated rulings that when an appeal is perfected, and an order of dismissal is entered for failure to prosecute, no second appeal will be permitted. But if the appeal is dismissed for some informality or defect which renders the appeal ineffectual, and the time for appeal has not expired, the cause may be refiled, and appeal perfected. If counsel who practice in this court will exercise greater effort to comply with the rules of practice, they will save the court much labor and annoyance, and their clients considerable expense and loss. The judgment of the district court is affirmed, at the costs of the plaintiffs in error.